**Liljana CACI, Besmira
Caci, Petitioners,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 06–5702–ag.

United States Court of Appeals,
Second Circuit.

Aug. 30, 2007.

Gregory Marotta, Vernon, NJ, for Petitioners.

Reginald I. Lloyd, United States Attorney, District of South Carolina; Christie V. Newman, Assistant United States Attorney, Columbia, SC, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Liljana Caci and her daughter, Besmira Caci, natives and citizens of Albania, seek

review of a November 22, 2006 order of the BIA affirming the June 9, 2005 decision of Immigration Judge ("IJ") Annette S. Elstein, which denied their application for asylum and withholding of removal. *In re Liljana Caci and Besmira Caci,* Nos. A97 159 974, A97 159 975 (B.I.A. Nov. 22, 2006), *aff'g* Nos. A97 159 974, A97 159 975 (Immig. Ct. N.Y. City June 9, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, although petitioners are challenging the denial of relief in "asylum-only" proceedings, as opposed to an actual removal order, this Court nonetheless has jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS,* 448 F.3d 129, 134 (2d Cir. 2006).

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA adopted and affirmed the IJ's decision "insofar as she found that the applicants failed to establish that they were persecuted, or have a well-founded fear of persecution were they to return to Albania, on account of a protected ground under the Act." Thus, the only issue before this Court is whether the Cacis, presumed to be credible, met their burden of proof. *Cf. Yan Chen v. Gonzales,* 417 F.3d 268, 271–72 (2d Cir.2005) (assuming, without determining, an applicant's credibility for purposes of reviewing the BIA's decision).

We review *de novo* the IJ's finding that the harm suffered by the Cacis did not amount to persecution. *See, e.g., Mirzoy-*

*an v. Gonzales,* 457 F.3d 217, 220 (2d Cir.2006) (per curiam). We have clarified that a valid past persecution claim can be based on harm other than threats to life or freedom, including non-life-threatening violence and physical abuse. *Beskovic v. Gonzales,* 467 F.3d 223, 226 n. 3 (2d Cir. 2006) (citing *Tian–Yong Chen v. I.N.S.,* 359 F.3d 121, 128 (2d Cir.2004)). However, "persecution does not encompass mere harassment." *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006).

■ Here, the agency did not err in concluding that the threatening telephone calls and letters that Liljana received did not amount to persecution. Liljana correctly argues that alleged incidents of persecution must be considered cumulatively when determining if the mistreatment suffered rises to the level of persecution. *Gjolaj v. Bureau of Citizenship and Immigration Services,* 468 F.3d 140, 143 (2d Cir.2006). Accordingly, she also rests her claim of past persecution on the facts supporting Besmira's allegations of past persecution.[1] However, the agency properly found that the incidents Besmira described also did not rise to the level of persecution.

■ Besmira asserts that she suffered scratches and bruises when she was hit with a rubber stick by police breaking up a Democratic Party ("DP") rally. She further claims that neighborhood gangsters grabbed her in a purported kidnaping attempt, although she did not testify that she suffered any resulting injuries. However, the agency did not err in concluding that the indiscriminate use of police force for purposes of crowd dispersal and the unrelated non-injurious attempted kidnaping are not sufficiently severe to support a finding that Besmira suffered past perse-

---

1. To the extent that Liljana alleges that any harm to her daughter may be considered as harm to her, we need not decide the issue because we agree with the agency that none of the harm described here rises to the level of persecution.

cution. *See Ivanishvili,* 433 F.3d at 340–41 (reviewing the "variously described meaning of persecution"); *cf. Beskovic,* 467 F.3d at 226 (finding that a "minor beating ... may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground.") (internal quotation marks and citation omitted).

Because the Cacis failed to show that the harm they suffered rose to the level of past persecution their withholding of removal claim must also be denied. *See Hoxhallari v. Gonzales,* 468 F.3d 179, 184 (2d Cir.2006) (per curiam). Finally, as the Cacis failed to present any argument addressing the BIA's denial of Convention Against Torture ("CAT") relief, we deem any such argument waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).